IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEVETTE ADAMS, BETTY                                                                    PLAINTIFFS
HEARON and JUANITA
CAMPBELL, On Behalf of
Themselves and All Similarly
Situated Individuals

VS.                                         CASE NO. 07-CV-4019

TYSON FOODS, INC.                                                                        DEFENDANT

## ORDER

Plaintiffs bring this collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").  On April 6, 2007, Defendant Tyson Foods, Inc. ("Tyson") filed a motion with the Judicial Panel on Multidistrict Litigation requesting transfer of this matter and 17 other cases raising similar allegations to the Northern District of Alabama for consolidated and coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.  (Doc. 14-2).  Now before the Court is Tyson's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation.  (Doc. 13).  Tyson states that district courts have stayed 13 of the 18 actions subject to Tyson's MDL motion, and that no court has denied its request for a temporary stay.  Plaintiffs Levette Adams, Betty Hearon and Juanita Campbell filed have filed an opposition to the Motion to Stay.  (Doc. 15-1).  Also before the Court is Tyson's Motion for Expedited Treatment of Its Concurrently Filed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation.  (Doc. 12).  Plaintiffs have no objection to expedited treatment of this matter, and the Court will consider Tyson's Motion to Stay on an expedited basis.

## LAW AND ANALYSIS

The Court has the inherent power to control its own docket, including the power to stay

proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55, 57 S.Ct. at 166. A Court may properly stay an action where the following criteria are met: (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997).

Upon consideration of Tyson's motion and Plaintiffs' opposition, the Court finds the three *Rivers* criteria satisfied. However, maintaining a "even balance" in this matter in accord with *Landis* requires granting Plaintiffs' request for equitable tolling of the statute of limitations to preserve the claims of putative collective action members. This is because in an FLSA collective action suit, the statute of limitation runs for each plaintiff until the plaintiff files a written consent opting into the lawsuit. *See* 29 U.S.C. §§ 255, 256; *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982)(others similarly situated in FLSA collective action must "opt in" once notified of the pending suit). Under 29 U.S.C. § 255(a), the statute of limitations period for an FLSA claim is two years, unless the violation was willful, in which case the limitations period is three years.

## CONCLUSION

The Court being satisfied that good cause for the motion has been shown, Tyson's Motion for Expedited Treatment of Its Concurrently Filed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation should be and hereby is **GRANTED**. Additionally, Tyson's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation should be and hereby is **GRANTED**. This matter is hereby **STAYED**, pending a transfer decision by the MDL panel. Should the Judicial Panel on Multidistrict Litigation grant Tyson's

motion for transfer, this action shall remain stayed pending transfer to the designated transferee court for consolidated and coordinated proceedings pursuant to 28 U.S.C. § 1407.

**IT IS FURTHER ORDERED** that (1) the statute of limitations on Plaintiffs' claims shall be **TOLLED** from the filing date of Tyson's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation until the date the stay is lifted on this action; and (2) notwithstanding the stay, putative collective action members shall be permitted to file forms with the Court indicating their consent to join this action.

**IT IS SO ORDERED**, this 25th day of May, 2007.

                                                    /s/Harry F. Barnes
                                                 Hon. Harry F. Barnes
                                                 United States District Judge